O’Neall, J.
delivered the opinion of the" Court.
A recognizance is defined to be “an obligation of record, which a man enters into before some Court of record, or magis *602 trate duly authorized, with condition to do some particular act.” 2 Bl. Com. 34. The present application supposes it to be not only a record, but also a judgment, creating a lien on the cognizor’s land from its date. But this notion is, I think, erroneous. It is “ an obligation of recordbut when does the party’s liability to pay, arise ? Wot until some breach of the condition has taken place. And the legal evidence of the breach consists in the order of the Court directing the recognizance to be estreated. Until then, there is no fixed liability on the party to pay; and until then, the sum to be collected is not ascertained. For the Court,- where a recognizance is forfeited “ from ignorance, pr unavoidable impediment, and not from wilful default,” may “ limit the whole, or any part of the forfeiture, as mny be deemed reasonable.” Such a floáting, hnd unascertained liability; as exists under a recognizance, is contrary to. all my ideas of a judgment, which fixes both the liability of the defendant to pay, and the amount which he is to pay.
P. L. 420. Ant of 1787,
P. L. 83.
But there is another decisive objection to a recognizance operating as a judgment from its date. By law, judgments are a lien, only from the day on which they are signed by the clerk. A recognizance, if it is a judgment, can only have effect from the day on which it is signed, or rather enrolled, by the clerk. This is the English practice. In Bothomley v. Lord Fairfax, 2 Vern. 750, it was held, that a recognizance not enrolled is to be taken as an obligation, and to be paid as a debt by specialty. This-, authority would seem to decide the very question, that until enrolled, it could not be considered as a judgment.
It is supposed that the act of our Legislature of 1787, P. L. 420, has given to recognizances the effect of judgments. It provides, that “ whenever any recognizance shall become forfeited by non-compliance with the condition thereof, the Attorney General, or other person, acting for him, shall without delay issue a scire facias to summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of Sessions, to shew cause, if any he hath, why judgment should not be confirmed against him.” It is true, that the words of this act would imply, that a recognizance is to be regarded as a judgment; but this may - be conceded without prejudice to the argument, that it has no effect until confirmed, From the fact, that it requires confirmation, it is to be inferred, *603 that it can have no effect until this is done. The judgment of the Court, creating a lien on the property of a party, is its final act, rendering every thing certain. When that is signed by the clerk its lien on land commences. So in recognizances, when confirmed by judgment of estreat, it may be that the order entered on the minutes of the Court may, in analogy to the summary process decrees, create a lien from the day when it is so entered : but it would be the better practice, that the clerk should place the recognizance, after being estreated, on his judgment-roll, and note the day on the recognizance, and sign it. This would be an actual compliance with the words of the law, and preserve both its simplicity and harmony.
4 M’C.391.
Johnson, J. and Martin, J. sitting for Harper, J. concurred.
Motion refused.